Jones, J.
The state relied wholly upon circumstantial evidence to prove its case. It was so stated to the jury by the court in its charge treating the feature of circumstantial evidence, as quoted in the statement of facts. The charge of the court is more thap a comment upon the character of circumstantial evidence. It is argumentative and resembles rather the plea of an advocate who seeks conviction on behalf of the state. Bearing in mind that these persons were charged with breaking into a car and stealing cigarettes therefrom, observe that the court said to the jury: “A person going out to break open a car or to steal cigarettes or anything else wouldn’t go and tell anybody to watch them.” This assumes not only that the car was broken open, but that the cigarettes were stolen, and, spoken in connection with the balance of the charge quoted, clearly intimated to the jury that the circumstantial evidence introduced against the defendants was strongly probative, and undoubtedly influenced the jury in its verdict. The court had properly charged the jury that if the circumstantial evidence excluded every reasonable hypothesis other than guilt that it was entitled to the same weight as direct testimony, and that if such circumstances could be reasonably reconciled with innocence the defendant might be acquitted. It is proper to charge the jury that a criminal act may be shown by circumstantial evidence, *223 but it is wholly improper to place undue weight upon circumstantial evidence in a particular instance by comparing it with the value of direct evidence. The rule generally adhered to is stated in 16 Corpus Juris, 944, Section 2315, as follows:
“In those jurisdictions in which thé determination of the weight and credibility of evidence is committed solely to the jury, a charge which comments upon the weight or credibility of circumstantial evidence in comparison with direct evidence, * * * is improper as encroaching upon the province of the jury.”
In this connection the jurors were told that they might carry their own individuality into the jury room and “decide in there just as you would decide if you were on the street.” This portion of the charge was also erroneous, as it might have a tendency to absolve the jurors from the duties they were-to perform under their oath in passing upon the sworn evidence in the case. In another portion of the charge the court said to the jury: “When people steal things or do acts, commit crimes, they do not tell anybody of course. A person going out to break open a car or to steal cigarettes or anything else wouldn’t go and tell anybody to watch them.”
Bearing in mind that these defendants were charged with breaking open a car and stealing the cigarettes in question, this charge was both erroneous and prejudicial. It contained an assumption connecting the defendants with the crime charged, and while it might be excusable, if used by counsel for the state, it is wholly unwarranted when used by the trial judge. The language used by the trial court in its charge to the jury was of such char *224 aeter that a reviewing court cannot place its stamp of approval thereon, and its use was therefore prejudicial to the defendants who are on trial.
On the trial the state offered one F. C. Stewart as a witness', who testified in chief that he had information that Conrad with others had been in this deal to steal the cigarettes. Testimony in chief of a witness for the state that the witness had information that the defendant had engaged in a deal with others to steal the cigarettes which defendant was charged with stealing in the indictment is hearsay and incompetent. In its opinion the court of appeals found error in the admission of this testimony, but evidently thought it was not prejudicial.
In his brief the prosecuting attorney does not seem to controvert the fact that the testimony so admitted was erroneous, but insists that the question was not properly saved on the record in that the objection made by the defendant came too late. The colloquy between the court and counsel, as shown in the statement of facts, discloses that the defendant made his objection in the first instance to the question asked, which brought about the erroneous statement of the witness, and later moved the court to expunge the answer of the witness.
The judgment of the court of appeals is reversed and the cause remanded to the court of common pleas for further proceedings according to law.

Judgment reversed.

Johnson, Hough, Robinson and Matthias, JJ., concur.
Marshall, C. J., took no part in the consideration or decision of the case.